STEPHANIE M. HINDS (CABN 154284)
United States Attorney

THOMAS A. COLTHURST (CABN 99493)
Chief, Criminal Division

GEORGE O. HAGEMAN (CABN 332457)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6511
    Fax: (415) 436-7234
    George.Hageman@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 3:22-cr-00471 RS |
| Plaintiff, | **MEMORANDUM IN SUPPORT OF UNITED STATES' MOTION FOR DETENTION** |
| v. | Date: December 22, 2022 |
| MIGUEL RAMOS, | Time: 10:30 a.m. |
| Defendant. | Court: Hon. Laurel Beeler |

## I. INTRODUCTION

On December 13, 2022, a federal grand jury in the Northern District of California returned an indictment charging the defendant, Miguel Ramos, with five counts of possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1). Dkt. 1. The five counts pertain to fentanyl (Count One), methamphetamine (Count Two), cocaine base (Count Three), cocaine (Count Four), and heroin (Count Five), respectively. Of note, the suspected fentanyl found on the defendant's person and in his backpack when he was arrested in the Tenderloin on October 8, 2022, totals approximately 3500 grams (7.7 pounds) and has a street value of over $100,000.

The record demonstrates the defendant is both a danger to the community and a significant flight risk such that he is unable to overcome the presumption that there are no conditions or combination of conditions that can secure his appearance before the Court or provide for the safety of the community. Accordingly, the government respectfully requests the Court order the defendant detained pending trial.

## II. FACTUAL BACKGROUND

Early in the morning on October 8, 2022, San Francisco Police Department officers patrolled the Tenderloin searching for the suspect in a violent assault the night before. The suspect was presumed to be armed and dangerous. He had thrown one victim to the ground, pressed his firearm up against the victim, and threatened to shoot. He had hit another victim in the head with a scooter and boasted about owning several firearms. At around 1:30 a.m., officers found an individual matching the description—the defendant—and approached by vehicle. The defendant and others nearby started walking away. An officer on foot caught up with the defendant, checked his hands for weapons, and began to place him in handcuffs. The defendant twisted his body away, forcing the officers to physically restrain him.

A subsequent search of the defendant and his backpack revealed the following: 3,530.6 grams (7.78 pounds) of suspected fentanyl in various colors, 54.5 grams of suspected methamphetamine, 18.4 grams of suspected cocaine base, 12.6 grams of suspected cocaine salt, 26.3 grams of suspected heroin, $820 in cash, and a digital weight scale. Portions of each controlled substance were tested with a TruNarc Analyzer and/or by the Alameda County Sheriff's Office Forensic Laboratory and confirmed to be presumptive positive and/or positive. The shockingly large quantities, variety of controlled substances, variety of color options (among fentanyl), weight scale, cash, and time and location of the

1 arrest leave little doubt that these controlled substances were possessed with the intent to distribute.



### III.    LEGAL STANDARD

Under the Bail Reform Act of 1984, the Court must detain a defendant before trial without bail where "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1).  Detention is appropriate where a defendant is either a danger to the community or a flight risk; the government need not prove that both factors are present. *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985). A finding that a defendant is a danger to the community must be supported by clear and convincing evidence, but a finding that a defendant is a flight risk need only be supported by a preponderance of the evidence. *Id.*

"[T]he Bail Reform Act mandates an individualized evaluation guided by the factors articulated in [18 U.S.C.] § 3142(g)." *United States v. Diaz-Hernandez*, 943 F.3d 1196, 1199 (9th Cir. 2019). Those factors are: (i) the nature and circumstances of the offense charged; (ii) the weight of the evidence against the defendant; (iii) the history and characteristics of the defendant, including the defendant's

character, physical and mental condition, family and community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, as well as whether the crime was committed while the defendant was on probation or parole; and (iv) the nature and seriousness of the danger to any person or to the community that would be posed by the defendant's release. *See* 18 U.S.C. § 3142(g); *United States v. Winsor*, 785 F.2d 755, 757 (9th Cir. 1986).

Where there is probable cause that a defendant has violated an offense for which a maximum of ten years in prison or more is prescribed in the Controlled Substances Act, courts apply a rebuttable presumption that no condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community. *See* 18 U.S.C. § 3142(e)(3)(A). Under this scheme, the burden of production shifts to the defendant. *United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008). Even if the defendant rebuts the presumption, the presumption is not erased; instead, it remains in the case as an evidentiary finding militating against release that is to be weighted along with other relevant factors. *See id.* (citation omitted).

## IV. ARGUMENT

### 1. The defendant faces a rebuttable presumption in favor of detention.

The defendant was arrested in actual physical possession of large amounts of fentanyl, methamphetamine, cocaine base, cocaine, and heroin. Those quantities and that variety are consistent with an intent to distribute. Therefore, there is probable cause to believe the defendant committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act. As a result, there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. *See* 18 U.S.C. § 3142(e)(3)(A). As described below, the defendant will be unable to overcome this presumption.

### 2. The defendant cannot overcome the presumption that he is a flight risk.

The defendant has no known permanent address and is considered a "transient" according to his criminal history sheet. At the same time, the defendant is a national of Honduras who crossed the border illegally in October 2016 as a juvenile and later absconded from a Youth Case Facility in February 2017. He appears to still have associates in Honduras and could plausibly engage that same network that

facilitated his entry into the country in order to abscond from restraint yet again.

The defendant, more so than many other individuals with ties to a foreign country, has shown he possesses the financial means to abscond. He was caught in possession of over 7.7 pounds of fentanyl, which has a street value of approximately $100,000. If he is able to cavalierly carry that much value on his person and in his backpack, it is reasonable to think that he has access to additional sources of funding even after the police have seized this particular stash. It is also reasonable to think that he has connections to networks that may assist him in his flight from court-imposed oversight.

Lastly, the defendant faces a severe penalty if convicted. Count One (the fentanyl charge) comes with a mandatory minimum 10-year sentence under 21 U.S.C. § 841(b)(1)(A). Even if the safety valve were to apply, he is still looking at a guidelines range exceeding six years' imprisonment—a period longer than he has been in the United States. That severe penalty—more severe than any penalty he has faced to date—creates a strong incentive for the defendant to flee immediately if released. *See United States v. Gebro*, 948 F.2d 1118, 1122 (9th Cir. 1991) (strong evidence of guilt "makes it more likely that he will flee"). The preponderance of the evidence supports finding the defendant to be a flight risk.

3. <u>The defendant cannot overcome the presumption that he is a danger to the community.</u>

Although the defendant did not possess a firearm when he was arrested, multiple witnesses indicate that he has access to firearms and has been known to use them, as he did the day before his arrest when he pressed a gun up against an individual's stomach. He has also been known to commit acts of brutal violence, as he did when he threw a scooter at an individual's head. Additionally, one witness has expressed fear that the defendant will orchestrate retaliatory attacks against the witness's family back in Honduras. The defendant's ability to engage in this feared activity is severely limited if he remains incarcerated, and severely enhanced if he is released.

Lastly, although all controlled substances are dangerous, fentanyl is particularly so. Just two milligrams of fentanyl can kill, and the defendant was caught in possession of over 3,500 *grams*. If the defendant is released and able to continue distributing any controlled substances—but particularly fentanyl—that poses a severe danger to the community and all those who come to the Tenderloin searching for fentanyl or who even inadvertently come into contact with the substance. *See, e.g.*, *United States v. Alfonso Ramos*, No. 3:20-mj-71799-MAG-1 (EJD), 2020 U.S. Dist. LEXIS 244831, at *7 (N.D.

Cal. Dec. 29, 2020) (sale of approximately 227 grams of fentanyl showed defendant posed a danger to the community because "[f]entanyl is among the most dangerous and deadly illegal drugs").

### V.   CONCLUSION

The defendant cannot overcome the presumption that there are no conditions that will reasonably assure his appearance at court proceedings or ensure the safety of the community.  The Court should order the defendant detained pending trial.

DATED:  December 20, 2022

Respectfully submitted,

STEPHANIE M. HINDS
United States Attorney

*/s/ George O. Hageman*_____
GEORGE O. HAGEMAN
Assistant United States Attorney